UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RZGAR QADER KHORSHEED KHORSHEED,<br><br>　　　　Petitioner,<br><br>v.<br><br>Christopher J. LAROSE, Senior Warden, Otay Mesa Detention Center, San Diego, California; Joseph FREDEN, Acting Field Office Director, San Diego Office of Detention and Removal, U.S. Immigrations and Customs Enforcement; U.S. Department of Homeland Security; Todd M. LYONS, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; Sirce OWEN, Acting Director for Executive Office for Immigration Review; Kristi NOEM, Secretary, U.S. Department of Homeland Security; and Pam BONDI, Attorney General of the United States,<br><br>　　　　Respondents. | No. 25cv3346-BTM-KSC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Rzgar Qader Khorsheed Khorsheed's petition for a writ of habeas corpus. The Court finds that the record is sufficient to rule on the papers and that oral argument would not aid in the resolution of this matter.

### A.    Background

Petitioner, a Kurdish native of Iraq, arrived in the United States near the San Ysidro Port Of Entry on September 15, 2024. Petitioner approached border officials and expressed his fear of returning to Iraq. Petitioner fears persecution and torture in Iraq due to his political opinion, race, nationality, and membership in a particular social group.

On October 15, 2024, an immigration judge found Petitioner credible and made a positive credible fear determination. On October 22, 2024, the Department of Homeland Security (DHS) granted Petitioner conditional parole until his immigration status was adjudicated. Petitioner was granted release on bond under 8 U.S.C. § 1226.

However, Immigration and Customs Enforcement (ICE) agents detained Petitioner on January 26, 2025. He has been in ICE detention since then. Petitioner filed an asylum application in April 2025. That application is still pending.

Petitioner now seeks habeas relief and claims that his detention runs afoul of the Due Process Clause, the Administrative Procedure Act, and 8 U.S.C. § 1226. The Government claims that this Court lacks jurisdiction, that Petitioner is lawfully detained under 8 U.S.C. § 1225, and that ICE properly exercised its discretion to revoke Petitioner's parole.

### B.    Discussion

This Court has jurisdiction to review Petitioner's challenge to his detention. *Nielsen v. Preap*, 586 U.S. 392, 401-02 (2019) (maintaining jurisdiction on appeal following district court decisions to review legal challenge to decision to deny bond hearings). This Court has jurisdiction because Petitioner is not challenging his removal, the execution of a removal order, or a discretionary decision by the Attorney General. *See id.*; *see also Arce v. United States*, 899 F.3d 796, 800 (9th Cir. 2018) ("[W]e have limited [1252(g)]'s jurisdiction-stripping power to actions challenging the Attorney

General's discretionary decisions to initiate proceedings, adjudicate cases, and execute removal orders.").

Instead, Petitioner has raised a legal challenge to Respondents' decision to revoke his parole, detain him for almost a year, and classify him as an applicant for admission subject to mandatory detention under Section 1225. He is challenging the lawfulness of his custody. Because those issues are ripe for review, Petitioner is not required to further exhaust any potential administrative remedies. *See, e.g.*, *Esquivel-Ipina v. LaRose*, No. 25-cv-2672, 2025 U.S. Dist. LEXIS 210275, *9 (S.D. Cal. Oct. 24, 2025) (finding exhaustion futile). The Government has also waived the issue of exhaustion by raising it in a footnote. *United States v. Rodriguez*, 971 F.3d 1005, 1015 n.8 (9th Cir. 2020) (finding an issue in a footnote insufficiently raised). In any event, exhaustion would be futile based on the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

The Court agrees that where DHS releases a noncitizen on bond, the noncitizen obtains a liberty interest in remaining released from custody. *See Pinchi v. Noem*, No. 25-cv-05632-PCP, 2025 U.S. Dist. LEXIS 142213, *8 (N.D. Cal. July 24, 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *see id.* (collecting cases so holding). This liberty interest, the Court rules, may not be infringed arbitrarily. Where, as here, DHS determines that a petitioner is neither a flight risk nor a danger to the community, that determination strongly reduces any valid interest the Government has in the petitioner's continued detention.

It is well established that the Government's power to detain must be grounded in a proper reason or purpose. *See Zadvydas v. Davis*, 533 U.S. 678, 590 (2001); *see also Pinchi*, 2025 U.S. Dist. LEXIS 142213, *13 ("Civil immigration detention is permissible only to prevent flight or protect against danger to the community."). The Government may not detain people without a legitimate reason. Because DHS determined that the

Petitioner was neither a flight risk nor a danger to the community, DHS has no legitimate reason to re-detain Petitioner without a change in circumstances or a valid justification. The Government's Return does not identify any valid reason for the revocation of Petitioner's parole. Indeed, the Return does not even offer a single reason for the revocation of Petitioner's parole.

Instead, the Government contends that the discretionary revocation of Petitioner's parole is not reviewable. But "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). Moreover, 8 U.S.C. § 1226(e) does not withdraw from habeas courts review over questions of constitutional law. *Id.* at 987 (explaining that Section 1226(e) does not bar habeas courts from reviewing constitutional claims).

In short, because the revocation of Petitioner's parole lacked any purported justification, that revocation failed to comport with due process. Due process for parole terminations requires (1) a decision by an appropriate official on whether the purpose of parole has been served; (2) written notice of the reasons for the termination; and (3) a fair opportunity to rebut the reasons given for the termination. *See Noori v. LaRose*, No. 25-cv-1824, 2025 U.S. Dist. LEXIS 194953, *29 (S.D. Cal. Oct. 1, 2025) ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, ____ (D. Or. 2025) ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)). Respondents failed to comply with these due process requirements.

The Court also rules that Petitioner's continued detention—lasting more than ten months—is unreasonably prolonged and violates the Due Process Clause. To assess that issue, courts in this district look to the following six factors: (1) total length of detention to date; (2) likely duration of future detention; (3) conditions of detention; (4) delays in

1  the removal proceedings caused by the detainee; (5) delays in the removal proceedings
2  caused by the government; and (6) the likelihood that the removal proceedings will result
3  in a final order of removal. *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773-74 (S.D. Cal.
4  2020).

5     Petitioner has been detained for more than ten months, and it will be almost a year
6  by the time his case is resolved. The delays appear attributable to the Government and
7  not Petitioner. Further, the conditions of Petitioner's confinement are causing him mental
8  health issues. Most importantly, DHS has already determined that Petitioner is neither a
9  flight risk nor a danger to the community. Moreover, given the credible fear
10 determination, its not likely that he will be removed. His continued detention is
11 unreasonably prolonged and unconstitutional. *See id.* (finding detention unreasonably
12 prolonged where ICE previously determined that the petitioner was neither a flight risk
13 nor a danger to the community); *Hamideh Sadeqi v. Larose*, No. 25-cv-2587-RSH-BJW,
14 2025 U.S. Dist. LEXIS 222822, *11 (S.D. Cal. Nov. 12, 2025) ("[T]he Court finds that
15 Petitioner's detention for over 11 months without a bond hearing under the circumstances
16 of this case—and absent meaningful rebuttal by Respondents of Petitioner's analysis—
17 has become unreasonable and violates due process."). The Court agrees with those courts
18 and holds that Petitioner's continued detention when he is not a flight risk and not a
19 danger to the community violates due process. *See e.g.*, *Hamideh Sadeqi*, 2025 U.S. Dist.
20 LEXIS 222822, *11.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

### C.   Conclusion

For the reasons stated, the Court grants the writ on counts one and two of the Petition For A Writ of Habeas Corpus. Count three is otherwise denied as moot. Respondents are ordered to immediately release Petitioner from custody under the previous conditions imposed for his parole. Respondents shall confirm compliance with this order no later than December 16, 2025. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated:  December 15, 2025
        5:24 P.M.

_____
Honorable Barry Ted Moskowitz
United States District Judge